ANDREW NEAL, et al., v. J. H. KELLER.

1. LIABILITY OF SURETIES; *Official Bond of Justice.* In April 1871, N. was elected justice of the peace of *Franklin* township, in Jackson county, and gave an official bond, with W. and S. as sureties. In June 1872, in certain proceedings had before said N. as justice of the peace of *Netawaka* township, money was received by him which was not paid over to the party entitled. In an action on said bond to recover such money, this court cannot presume, in the absence of testimony, that there had been simply a change in the name of the township, and that the justice, in June 1872, held the same office as that for which he gave the bond in April 1871; and a judgment in such action against the sureties must be reversed.

2. EVIDENCE; *Official Receipt.* In an action against a justice to recover money received by him from a constable, and not paid over to the party

entitled thereto, the receipt given by the justice to the constable, and signed by the justice, with his official title added, is competent evidence to charge the justice, and admissible without further proof of its execution.

*Error from Jackson District Court.*

ACTION on an official bond, brought by *Keller*, as assignee of James Goodwin, to recover $117.16 and interest, alleged to have been received by *Neal* as justice of the peace of Netawaka township. The action was against *Neal*, principal, and *J. F. Wyatt* and *Charles Sprague*, sureties on the official bond. Trial at the October Term 1875 of the district court, C. B., judge *pro tem.*, presiding. Findings and judgment in favor of the plaintiff, and the defendants bring the case here.

*Chas. Hayden*, and *A. M. Crockett*, for plaintiffs in error.

*J. H. Keller*, defendant in error, for himself.

The opinion of the court was delivered by

BREWER, J.: This was an action on an official bond of Andrew Neal, a justice of the peace, to recover moneys received by him by virtue of his office and not paid over on demand to the party entitled to the same. One matter compels a reversal of the judgment so far as the sureties are concerned, and obviates the necessity of inquiry into other alleged errors. The bond given in April 1871, as well as the oath of office of the justice, recites that he has been elected justice of the peace of *Franklin* township; and for that office the oath is taken, and the bond given. The proceedings had before the justice in which he received the moneys sued for were commenced 29th April 1872, and were had before him as justice of the peace of *Netawaka* township. No explanation is given of this discrepancy. The name of the township is repeated so often, and in so many different papers, as to exclude the idea of a mere clerical error. Upon the record the fact is patent, that sureties on an official bond given by a justice of the peace of a certain township, in one year, are

sought to be held liable for his official acts in a succeeding year as justice of a different township. Of course this cannot be sustained. An official bond only covers the acts of the officer in the office for which it is given; and the office of justice of the peace in one township, is not the same as the office of justice of the peace of another township. It is possible that in fact there was nothing but a change in the name of the township, or a mere change of boundaries of townships, so that the justice at the time of the proceedings was holding the same office as that for which the bond was given. But it is equally possible that he during the year had removed from Franklin to Netawaka township, and vacating the office of justice in the former had been elected or appointed justice in the latter. But whatever may be the real facts in the case, we cannot go outside the record to indulge in any mere conjectures. Upon the record, as it comes before us, no judgment should have been rendered against the sureties, for they never became bounden for the acts of any justice of the peace of Netawaka township.

The same considerations do not apply to the justice, Andrew Neal, for whether he ever gave a bond or not, he acted as justice of the peace of Netawaka township, and cannot now avoid responsibility for his acts as such justice. As to him, it seems to us that there are really but two questions, and they arise on the admission of two instruments in writing. The first was an official receipt for money given by the justice, Neal, to a constable, and signed "A. NEAL, J. P." The admission of this was objected to as not properly authenticated, and not the best evidence. The objection was not well taken. The signature of the justice with his official title constituted sufficient authentication, and his receipt to the constable was as good evidence of the fact as a minute on his docket that he had received the money.

The other document was an assignment of the claim against the justice by the party who originally held it to the plaintiff. This also was objected to as not properly authenticated. There was no proof of its execution. Now the de-

fendant in error insists that the objection did not raise the question of the execution of the assignment, as it was not an instrument that required any acknowledgment or attestation. Waiving any determination of this question, we think the error, if error there was, not sufficient to compel a reversal. Outside of this assignment there was sufficient evidence of Keller's ownership of the claim, and not a particle of conflicting testimony. If this assignment had not been admitted, the finding of the court on this question could scarcely have been other than it was.

We think therefore that the judgment must be affirmed as to Andrew Neal, and reversed as to the other plaintiffs in error, and remanded with instructions to grant a new trial as to them. The costs of this court will be divided between Andrew Neal and the defendant in error.

All the Justices concurring.